## State Board of Funeral Directors, etc., v. Schroeder

*Michael C. McManus*, for appellant.

*Frank F. Truscott*, attorney general; *Abraham J. Levy*, special deputy attorney general, and *Elmer T. Bolla*, deputy attorney general, for appellee.

RICHARDS, P. J., May 10, 1954.—This is an appeal by defendant, under the Administrative Agency Law, from an adjudication of the State Board of Funeral Directors, in which it refused to register the applicant as a resident trainee funeral director. The appeal brings before us the record as certified by the board. The case has been duly argued and is now before us for disposition.

Defendant, Bernard K. Schroeder, filed his application with the board on December 27, 1952. In lieu of certain educational requirements he offered 15 years' experience as a student apprentice. A hearing was held on the application, the only witnesses being the applicant and his father, Bernard C. Schroeder.

The testimony reveals the following facts:

The applicant is a resident of New Jersey. On July 1, 1936, he registered with the New Jersey board as an apprentice undertaker. He had three years' training under his father, Bernard C. Schroeder, who was

an undertaker licensed by New Jersey. Thereafter he had one year at the Cincinnati College of Embalming. Shortly thereafter, at a date not given, defendant was granted a license as an undertaker by the State of New Jersey. He has practiced his profession in that State from the date he was licensed until the present time, working in conjunction with his father.

The father, Bernard C. Schroeder, in 1950, was granted an undertaker's license by Pennsylvania which license is still in effect, as is his New Jersey license. However, the father has at no time maintained a place of business in Pennsylvania, nor has he practiced his profession here, save for perhaps the occasional embalming of bodies at a hospital. The board recognized these facts in its adjudication and found that the applicant had no experience in Pennsylvania in an establishment over which it had any supervision or jurisdiction. It accordingly concluded, as a matter of law, that the applicant "does not qualify for registration as a resident trainee funeral director under section 3 (g) of the Funeral Director Law of 1951."

## Discussion

We are here dealing with the Funeral Director Law, of January 14, 1952, P. L. 1898, 63 PS §479.1, et seq. This act regulates the business of undertaking in the interest of life and health as declared in the title. We think it obvious that the act is intended to apply only to those who engage in such business within this Commonwealth and that it has no extra-territorial effect. This is made clear by section 13, which prohibits the practice of such business in this Commonwealth without "a valid license so to do as provided in this act."

Section 2 (4) of the act defines a resident trainee to mean "any person operating under or with a funeral director for the purpose of learning such business or profession, to the end that he may become a licensed

funeral director". The words "operating under a funeral director", it seems clear to us, refer to the actual conduct of a funeral director business in this Commonwealth, under an undertaker licensed by this Commonwealth. This being so, experience acquired in another State, under an undertaker licensed by that state, is unavailing to an applicant in this State, since this State would have no opportunity to regulate or control such business. Consequently, the applicant may not offer 15 years' experience acquired in another State, as a substitute for educational requirements under section 3($g$) of this act. The testimony shows that defendant's father was licensed in Pennsylvania in 1950. Consequently, defendant did not have 15 years of experience with an undertaker licensed by Pennsylvania, regardless of locus.

In view of these considerations, the appeal must be dismissed.

### Order

And now, to wit, May 10, 1954, the appeal is dismissed at the cost of defendant.